# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 97-3673

Zainabu Kamara,

       \*
       \*

       Petition for Review of a Decision of

       \*
       \*

United States Immigration and
Naturalization Service,        [PUBLISH]

       Respondent.

_____

Filed: July 27, 1998

Before RICHARD S. ARNOLD, Chief Judge, LAY and LOKEN, Circuit Judges.

PER CURIAM.

,

   A")                                      n

                        rsuant to section 242B of the Immigration
                            1252b (1992).[1]

   below, we grant the petition, vacate the BIA's order, and remand the case fo further proceedings.

_____

[1]8 U.S.C. § 1252b was subsequently repealed by Pub. L. 104-208 on Sept. 30, 1996.

I.      Facts

Kamara, a native of Sierra Leone, entered the United States as a visitor for pleasure on June 14, 1991.  The INS arrested Kamara on September 29, 1992 and charged her with remaining in the United States for a time longer than permitted, in violation of Section 241(a)(1)(B) of the Act.  INS personally served an Order to Show Cause upon Kamara, which informed her there would be a deportation hearing.  At the time of her arrest, Kamara lived in Inver Grove Heights, Minnesota with her boyfriend.  According to Kamara's affidavit, her boyfriend abused her regularly, destroyed her passport and reported her to the INS.  Upon her release from detention, Kamara left Minnesota and moved to Maryland to stay with family.   Once in Maryland, Kamara asked her uncle, Tom Bendu, to post bond for her with the INS.  Bendu contacted the Detention and Deportation Unit of the Washington District Office of the INS, located in Arlington, Virginia, to post bond and to provide the INS a new address for Kamara.  Bendu gave the clerk at the INS office his address and stated Kamara would be living with him.  Bendu was informed that he could not post bond for Kamara as intended because someone had already posted the bond.  During this same time, Kamara was diagnosed and hospitalized for inactive tuberculosis.

On March 10, 1993, the Immigration Court held a deportation hearing on Kamara's case.  When Kamara failed to appear, the Immigration Judge ("IJ") conducted the hearing in absentia, found Kamara deportable and entered an order of deportation.  Around this same time, Kamara retained local counsel in Virginia.  The local counsel made inquiries at the Detention and Deportation Unit in Minnesota and was not advised of any deportation hearing date.  In April 1993, Kamara's local counsel filed an asylum application on her behalf.

Kamara later learned of the deportation order issued against her and filed a motion to reopen on October 2, 1995, over two years after the deportation order was issued.  Kamara alleged two grounds supporting the motion: (1) exceptional

cir            namely that the need to leave her abusive boyfriend and her illness

earing; and (2) the INS failed to provide

her with adequate notice of the deportation hearing.

IJ denied Kamara's motion to reopen because it found: (1) Kamara failed

f the order of deportation, as required

when alleging exceptional circumstances pursuant to § 1252b(c)(3

had                                                                                        d

1252b(c)(3)        The BIA affirmed the IJ's denial of the motion to reopen.  In its

decision,                                                                                 §

1252b(c

1105a.

―――――――

Kamara                                                                                    t

cons          or addressing the adequacy of the hearing notice; (2) whether the IJ and

―――――――

At  he time of Kamara's hearing, Section 1252b provided that an order of deportation could be rescinded only:

(A  upon a motion to reopen filed within 180 days after the date of the
        of deportation if the alien demonstrates that the failure to appea
    was because of exceptional circumstances . . . , or

(B)      n a motion to reopen filed at any time if the alien demonstrates
        en did not receive notice in accordance with subsection (a)(2)
    of this section . . . .  8 U.S.C. § 1252b(c)(3) (1992).

prevented her from attending the deportation hearing; (3) whether the IJ properl

concluded the notice provided to Kamara was statutorily sufficient; and (4) whether the

resent evidence in support of her

motion to reopen.


BIA Decision


Kamara      tends the BIA abused its discretion in affirming the denial of the

sing both issues she raised on appeal.  In its

decision, the BIA concluded only that Kamara failed to file her

the 180-day limitation period set forth in 8 U.S.C. § 1252b(c)(3)(A).  The 180-day time

ns to reopen based upon the existence of "exceptional

circumstances."  Section 1252b(c)(3)(B), on the oth

to                   _at any time_ when the motion is based on allegedly inadequate notice.

Kamara's motion to reopen was based in part on inadequate notice.  The

BIA i                                          See _____,

993             170 (8th Cir. 1993) (the BIA must "consider the issues raised and

sufficient to enable a reviewing court to perceive that it

has heard and thought and no

failed to consider whether the deportation notice was adequate.  Therefore, we find the

of the issues Kamara raised on appeal.


Exceptional Circumstances


Section 1252b(c)(3)

upon a showing that the failure to appear was due to exceptional circumstances.  That

also requires that a motion to reopen based upon exceptional circumstance

must be filed within 180 days after the date of

Kamara did not file her motion to reopen until two

of deportation.  Therefore, even if Kamara had established that exceptional

circumstances prevented her attendance, the IJ properly denied her motion to reopen as time-barred. We find the IJ and BIA did not err in denying the motion to reopen based upon exceptional circumstances.

C.    Adequacy of Notice

Kamara contends the IJ erred by denying her motion to reopen because she did not receive the notice required by § 1252b(a)(2). Section 1252b(c)(3)(B) provides that a motion to reopen to rescind an in absentia deportation order may be filed at any time if the alien demonstrates that she did not receive notice in accordance with Section 1252b(a)(2). Written notice of the deportation hearing must be given in person to the alien or, if personal service is not practicable, by certified mail. 8 U.S.C. § 1252b(a)(2)(A) (1992). Written notice of the hearing "shall be considered sufficient . . . if provided at the most recent address provided [by the alien]." Id. § 1252b(c)(1). It is the alien's responsibility to notify the INS of any change of address. See 8 U.S.C. § 1252b(a)(1)(F)(ii) ("[T]he alien must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number."). The Order to Show Cause served on Kamara during her initial detention also required Kamara to provide the INS notice of any change of address.

The question here is whether Kamara's uncle, Tom Bendu, provided sufficient written notice of Kamara's change of address to the INS. We conclude he did. In his affidavit, Bendu states that he informed the INS office in Arlington, Virginia that Kamara would be living with him at his Maryland residence. The record contains a copy of an "Obligor Information Sheet" completed by Bendu. On the form, Bendu provided his mailing address and telephone number. He then told the INS clerk that Kamara would be living with him at that address. On the form itself, someone, presumably the INS clerk, wrote "$1,000.00 - address same." App. at p. 56. This appears to indicate that Kamara's address was the same as Bendu's address. While the completed Obligor Information Sheet was not an ideal form of written notice of a

-5-

change of address, we find it provided sufficient written notice of a change in address for the purposes of 8 U.S.C. § 1252b(a)(1)(F)(ii).

Once the Virginia INS office had received written notice of the change of address, it was their responsibility to enter the new address into the central filing system specifically created in connection with the enactment of § 1252b.[3] It is possible that Kamara did not receive notice of her deportation hearing because the Virginia INS office failed to enter her new address into the filing system. In light of this, we find the INS failed to send the deportation hearing notice to the most recent address provided by Kamara, and therefore did not provide notice in accordance with 8 U.S.C. § 1252b(a)(2). Kamara's motion to reopen to rescind the deportation order should have been granted pursuant to 8 U.S.C. § 1252b(c)(3)(B). Having determined the IJ erred in denying the motion to reopen, we need not consider whether the IJ erred as a matter of law by denying Kamara a hearing to present evidence in support of her motion to reopen.[4]

We vacate the denial of the motion to reopen on the grounds that petitioner failed to receive adequate notice.

IT IS SO ORDERED.

---

[3]Section 545 of the Immigration Act of 1990, which enacted the new in absentia provisions codified at 8 U.S.C. § 1252b, required the Attorney General to establish a central file address system to collect and preserve changes of addresses of aliens in deportation hearings.

[4]At oral argument on appeal, petitioner's counsel urged that Kamara seeks only to reopen her deportation proceedings in order to pursue asylum relief. Since January 17, 1995, petitioner has been married to a legal permanent resident, Sarif Taylor-Kamara.

A true copy.

Attest:

              CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.